U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

2016 NOV 16  AM II: 44

CLERK

BY_____
DEPUTY CLERK

UNITED STATES OF AMERICA          )
                                  )
v.                                )          Case No. 5:12-cr-8
                                  )
DONALD J. SANTORE,                )
                                  )
          Defendant.              )

**OPINION AND ORDER GRANTING DEFENDANT'S REQUEST FOR
EXPEDITED REVIEW OF THE MAGISTRATE JUDGE'S ORDER STAYING
THE CASE AND DENYING WITHOUT PREJUDICE
DEFENDANT'S REQUEST FOR A REDUCED SENTENCE**
(Doc. 63)

This matter came before the court on Defendant Donald J. Santore's appeal of the
Magistrate Judge's Order staying the case (Doc. 63). Mr. Santore asks the court to lift
the stay imposed by the Magistrate Judge and grant him a reduction in his sentence. He
argues that his Sentencing Guideline range was calculated with reference to a "crime of
violence" residual clause identical to that struck down under *Johnson v. United States*,
135 S. Ct. 2551 (2015). *Johnson* held that the Armed Career Criminal Act's (the
"ACCA") residual clause, 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally void for
vagueness because its application "does not comport with the Constitution's guarantee of
due process." *Johnson*, 135 S. Ct. at 2560. Mr. Santore's anticipated release date from
incarceration is December 27, 2016. He asserts that, in the absence of expedited
treatment of his motion, he will be deprived of meaningful relief.

The government opposes the motion, arguing that the court is not required to lift
the stay, that it is unclear whether Mr. Santore is entitled to his requested relief, and that
lifting the stay will require an unwarranted expenditure of resources by the parties and the
federal judiciary.

Mr. Santore is represented by Assistant Federal Public Defender Steven L. Barth. The government is represented by Assistant United States Attorney Gregory L. Waples and Assistant United States Attorney Eugenia A. Cowles.

## I.    Factual and Procedural Background.

On March 20, 2013, the court sentenced Mr. Santore to a below-Guidelines sentence of 68 months imprisonment following his guilty plea to one count of possession of a stolen firearm, in violation of 18 U.S.C. §§ 922(j) and 924(a)(2), and one count of possession of a firearm not properly registered to him in the National Firearms Registration and Transfer Record, in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871. The court adopted the presentence report ("PSR") as its findings of fact.  It also adopted the Sentencing Guidelines recommendation set forth therein over Mr. Santore's objections that his prior felony convictions pursuant to 13 V.S.A. § 1201(a) are not categorically "crimes of violence" under the Guidelines and that the Guidelines' residual clause set forth in U.S.S.G. § 4B1.2(a)(2) is unconstitutionally vague.

In determining Mr. Santore's advisory Guidelines range, the court found that the offenses of possession of a stolen firearm and possession of a firearm not properly registered to him occurred on or about January 7, 2012 and that the Sentencing Guidelines (November 1, 2012 edition) applied.  The court concluded that Mr. Santore committed the offenses of conviction subsequent to sustaining two felony convictions for "crimes of violence" based on the residual clause in the Guidelines and the Second Circuit's controlling interpretation of that clause. *See* PSR at 11, ¶ 39 n.9 (citing *United States v. Brown*, 514 F.3d 256, 268-69 (2d Cir. 2008) (concluding that under New York law, burglary in the third degree of a "building" as opposed to a "dwelling" is a "crime that inherently involves a risk of personal injury" and was thus a "crime of violence within the meaning of the [residual] clause of Guidelines § 4B1.2(a)(2)") (internal quotation marks omitted)); *see also* PSR at 14, ¶ 42.

Under the applicable Guidelines, a defendant's base offense level is 20 if "the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense[.]" U.S.S.G.

§ 2K2.1(a)(4)(A). The term "crime of violence" is defined in the 2012 Guidelines Manual as:

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that--
>
>> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>>
>> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a). "Section 4B1.2(a)(1) is referred to as the 'physical force clause.' The first half of § 4B1.2(a)(2) contains the 'exemplar crimes,' and the second half the 'residual clause.'" *United States v. Van Mead*, 773 F.3d 429, 432 (2d Cir. 2014).

"As a general matter, reliance on a federal PSR's factual description of a defendant's pre-arrest conduct to determine whether a prior offense constitutes a 'crime of violence' under U.S.S.G. § 4B1.2(a)(1) is prohibited." *United States v. Reyes*, 691 F.3d 453, 459 (2d Cir. 2012). The facts surrounding Mr. Santore's Vermont burglary convictions as set forth in the PSR are nonetheless examined because they are relevant to his likelihood of success on the merits.

On or about August 21, 2006, Mr. Santore pled guilty to felony burglary under Vermont law and was sentenced to a term of imprisonment of sixteen months to ten years. Paragraph 39 of the PSR states that the police affidavit related to this conviction alleges that Mr. Santore burglarized a construction site located in Richford, Vermont on November 15, 2005 by breaking a window to enter the residence and taking construction tools with a total value of $2,470 (the "construction site burglary"). On March 28, 2006, Mr. Santore provided a statement to police allegedly indicating that he and another person broke into the structure for the purpose of removing construction tools, which they returned the following evening. The PSR indicates Mr. Santore's crime took place "late in the night[,]" but it does not contain any indication that Mr. Santore used any force other than breaking a window. PSR at 10, ¶ 39.

3

The PSR notes that the charging document for Mr. Santore's construction site burglary conviction states that "on or about November 15, 2005, [Mr. Santore] entered any building or structure knowing that he was not licensed or privileged to do so, to wit, entered a home being built for Joe and Eileen Catalano with the intent to commit petit larceny, in violation of 13 V.S.A. § 1201(a)." PSR at 11, ¶ 39 (emphasis omitted). The PSR contains no recitation of the facts to which Mr. Santore admitted in pleading guilty. The PSR properly concluded this conviction warranted three criminal history points.

On October 14, 2009, Mr. Santore pled guilty to felony burglary in violation of 13 V.S.A. § 1201(a) and was sentenced to a split sentence of four months to five years. The PSR properly determined that this conviction warranted three criminal history points. According to ¶ 42 of the PSR, the police affidavit related to this conviction alleges that on July 15, 2008, Mr. Santore burglarized a residence in Irasburg, Vermont (the "Irasburg burglary"). On October 26, 2008, Mr. Santore allegedly provided a statement to the Vermont State Police that he entered the Irasburg residence through a second floor window by breaking it with a pair of pliers. Mr. Santore further allegedly advised that he activated the security alarm while searching the residence for items to sell as scrap metal, and he broke a first floor window while fleeing. The PSR notes that the charging document for the Irasburg burglary states that Mr. Santore "on or about July 15, 2008, entered any building or structure knowing that he was not licensed or privileged to do so, with the intent to commit petit larceny, in violation of 13 V.S.A. § 1201(a)." PSR at 14, ¶ 42 (emphasis omitted). The PSR does not indicate the time of day Mr. Santore committed the Irasburg burglary and does not contain any indication that Mr. Santore used any force other than breaking windows or whether the residence's occupants were home at the time.[1]

---

[1] The facts of the Irasburg burglary are much closer to those at issue in *United States v. Brown*, 514 F.3d 256 (2d Cir. 2008), in which the defendant had been convicted in New York of third-degree burglary of a building after he "broke into the home of his debtor's mother and stole her jewelry." *Id.* at 260. In *Brown*, which was abrogated by *Johnson*, the district court concluded that the defendant's burglary conviction was encompassed by U.S.S.G. § 4B1.2(a)(2)'s residual clause "because third-degree burglary itself is a crime that inherently involves a risk of personal injury[.]" *Id.* at 268 (internal quotation marks omitted); *see also United States v. McClenton*, 53

4

Although the PSR recognized that Mr. Santore's burglary convictions were not categorically crimes of violence under U.S.S.G. § 4B1.2, it recommended the court find that each of "the defendant's burglary conviction[s] in this case is a crime of violence under the residual clause of U.S.S.G. § 4B1.2(a)(2) because burglary involves conduct that present a serious potential risk of physical injury to another." PSR at 11, ¶ 39; *see also* PSR at 14, ¶ 42 (adopting reasoning used in Mr. Santore's construction site burglary as justification for "crime of violence" designation for Irasburg burglary).

Based on controlling Second Circuit precedent, the court adopted the PSR's recommendation and determined that Mr. Santore's base offense level was 26 pursuant to U.S.S.G. § 2K2.1(a)(1). The court found that two specific offense characteristics applied: first that the offense involved between three and seven firearms, a two level increase under U.S.S.G. § 2K2.1(b)(1)(A), and second, that the offense involved a stolen firearm, warranting a two level increase under U.S.S.G. § 2K2.1(b)(4), and resulting in an adjusted offense level of 29.[2]

Concluding that Mr. Santore was entitled to a three level decrease for acceptance of responsibility, the court determined that his total offense level was 26. Mr. Santore's eleven criminal history points placed him in criminal history category V. The advisory Guideline imprisonment range for offense level 26 and criminal history category V was 110-137 months. The statutory maximum for both Count 2 and Count 3 is ten years.

The court acknowledged that Mr. Santore's "prior burglaries were not, in fact, crimes that involved violence," varied downward from the advisory Guideline range, and sentenced Mr. Santore to a total sentence of 68 months imprisonment, to be followed by three years of supervised release. *See* Statement of Reasons for Sentence at 2, ¶ 8. The

---

F.3d 584, 588 (3d Cir. 1995) (concluding burglary of a dwelling is a crime of violence under the Guidelines because "whether one burglarizes a private home or a hotel room, there is a much greater possibility of confronting the resident and a substantial risk that force will be used and that someone will be injured, than if one burglarized a building that was not intended for use as habitation, such as an office building after office hours or a warehouse").

[2] Pursuant to U.S.S.G. § 2K2.1(b), the cumulative offense level determined from the application of subsections (b)(1) through (b)(4) may not exceed 29.

5

court imposed its sentence on Counts 2 and 3 to run concurrent and concurrent to all other undischarged terms of imprisonment.

## II.   Conclusions of Law and Analysis.

In *Blow v. United States*, 829 F.3d 170 (2d Cir. 2016), the Second Circuit instructed:

> The Supreme Court has held that *Johnson* announced a new rule of constitutional law that is retroactive on collateral review. Furthermore, the statutory language that was found unconstitutionally vague in *Johnson* is identical to the language in § 4B1.2(a)(2) now challenged by [the defendant]. . . . The Supreme Court recently granted certiorari in another . . . case to determine, *inter alia*, the precise question at issue here—whether *Johnson* applies retroactively to § 4B1.2(a)(2)'s residual clause. . . . [B]ecause the Supreme Court will likely decide in *Beckles* whether *Johnson* applies retroactively to the Guidelines, the district court is instructed to hold [the defendant's] § 2255 motion in abeyance pending the outcome of *Beckles*. The district court is free to consider termination of the stay, on motion or sua sponte.

*Id.* at 172-73 (citations omitted). Based on the Second Circuit's guidance in *Blow*, the Magistrate Judge stayed adjudication of Mr. Santore's § 2255 motion.

Mr. Santore directs the court to the standards governing a stay in a habeas corpus proceeding and asks the court to use those standards to determine whether to lift the stay in his case. According to Mr. Santore, like a petitioner for habeas corpus, he will be subjected to unlawful confinement unless the stay is lifted and the merits of his petition are reached.

Without deciding whether the habeas standard applies, the following factors are instructive in determining whether a stay should be granted or lifted: (1) whether the petitioner has made a strong showing of a likelihood of success on the merits; (2) whether the petitioner will be irreparably injured absent a stay; (3) whether the issuance of a stay will substantially injure other interested parties; and (4) whether the public interest support a stay. *See Hilton v. Braunskill*, 481 U.S. 770, 776 (1987) (listing factors governing the issuance of a stay); *see also Mohammed v. Reno*, 309 F.3d 95, 100 (2d Cir. 2002) ("Four criteria are relevant in considering whether to issue a stay of an order of a district court . . . pending appeal: the likelihood of success on the merits, irreparable

6

injury if a stay is denied, substantial injury to the party opposing a stay if one is issued, and the public interest.").

The Supreme Court disfavors the issuance of a stay pending its determination of a non-party's case "if there is even a fair possibility that the stay . . . will work damage to someone else" and if the party seeking the stay "make[s] out a clear case of hardship or inequity[.]" *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936) (observing that "[o]nly in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both."). The Second Circuit recognized the possibility of hardship or inequity in *Blow* by observing that "[t]he district court is free to consider termination of the stay[.]" *Blow*, 829 F.3d at 173.

This court recently determined that a conviction under 13 V.S.A. § 1201(a) based on a burglary of a professional business was not a "crime of violence" under *Johnson* where the government failed to proffer permissible sources regarding the nature of the conviction beyond the information contained in the PSR and did not establish that the defendant's guilty plea "necessarily rested on a fact identifying the conviction as a predicate offense." *United States v. Marosz*, No. 5:12-cr-144, Doc. 42 at 8 (quoting *United States v. Savage*, 542 F.3d 959, 964 (2d Cir. 2008) (internal quotation marks omitted)). The court further concluded that the Supreme Court is likely to determine in *Beckles* that *Johnson* applies retroactively to the Guidelines' "crime of violence" residual clause. *See id.* at 9 n.5 (collecting circuit court cases concluding *Johnson* applies to the "crime of violence" residual clause in the Guidelines).

Although Mr. Santore's arguments regarding the application of *Johnson* to the Guidelines residual clause may be meritorious, he has failed to demonstrate that he will be irreparably harmed if the court does not lift the stay and he has not established a likelihood of success on the merits. *See United States v. Rodriguez*, 2016 WL 4124096, at *1 (S.D. Mich. Aug. 3, 2016) (staying case pending *Beckles* decision where "there is no indication that a stay would prejudice Defendant"); *see also Hatch v. United States*, 2016 WL 6155363, at *3 (D. Ariz. Sept. 30, 2016) ("Because Petitioner suffers no

7

prejudice by a limited stay of proceedings, this Court finds that Petitioner will not be irreparably injured.").

Defendant successfully argued that his burglaries were not crimes of violence and that even if the advisory Sentencing Guidelines calculation included them as such, the court should vary significantly downward from that advisory range. He acknowledged that without the crime of violence enhancement "[w]ith a final offense level of 21 and [criminal history category] V, Mr. Santore's Guideline range is 70 to 87 months." (Doc. 51 at 11.) He requested a sentence of 48 months with three years of supervised release to follow. The government asked the court to impose a sentence "at the low end" of the Guidelines range set forth in the PSR because Mr. Santore's burglary convictions were crimes of violence as defined by Application Note 1 to U.S.S.G. § 4B1.2(a), or in the alternative, because Mr. Santore burglarized residences, which presents a "serious risk of injury to another." (Doc. 50 at 1, 4 n.1) (internal quotation marks omitted).

At the sentencing hearing, the court noted that Mr. Santore's burglary convictions did not involve violence and granted a variance from the Guidelines on that basis. *See Tosi v. United States*, 2016 WL 5107078, at *5 (D. Me. Sept. 20, 2016) (noting "the record includes a variant, below-guidelines sentence" such that "the applicable Guideline range was a 'starting point,' quite frankly not an apparent 'lodestar'" and denying § 2255 petition because "it is not apparent that the applicable precedent calls for habeas relief and resentencing, nor is it even apparent to this Court that the result of the resentencing would be a lower sentence"). The court's 68 month sentence falls below the advisory Guidelines range even without the crime of violence predicate. In granting this variance, the court effectively agreed with Mr. Santore that application of the crime of violence residual clause was unfair in his case. A further reduction to Mr. Santore's sentence on this issue is unwarranted. In light of these circumstances, Mr. Santore has not established that he will suffer prejudice or is likely to succeed on the merits if the court does not lift the stay and adjudicate his § 2255 motion.

8

For the foregoing reasons, the court GRANTS Mr. Santore's request for expedited review of the Magistrate Judge's Order staying the case and DENIES WITHOUT PREJUDICE Mr. Santore's request for a reduced sentence. (Doc. 63.)

SO ORDERED.

Dated at Burlington, in the District of Vermont, this _16th_ day of November, 2016.

Christina Reiss, Chief Judge
United States District Court